### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| **JAMES WALKER, Individually and For Others Similarly Situated,** | **Case No.** ___2:21-CV-510___ |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **PITTSBURGH MINERAL & ENVIRONMENTAL TECHNOLOGY, INC.** | |
| **Defendant.** | |

### COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1.      Plaintiff James Walker ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Pittsburgh Mineral & Environmental Technology, Inc. ("PMET") under the Fair Labor Standards Act ("FLSA").

2.      Plaintiff worked for PMET as an Inspector.

3.      Plaintiff worked for PMET in excess of forty (40) hours each week.

4.      But PMET did not pay Plaintiff overtime.

5.      Instead of paying overtime as required by the FLSA, PMET paid Plaintiff a daily rate without overtime compensation.

6.      The allegations made herein are applicable to Plaintiff and the other PMET Inspectors who were paid a daily rate without overtime compensation.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to Plaintiff and workers similarly situated to Plaintiff.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

10.     PMET's corporate headquarters are located at 700 Fifth Ave, New Brighton, Pennsylvania 15066 in this District and Division.

11.     Plaintiff lives in New Philadelphia, Tuscarawas County, Ohio.

## THE PARTIES

12.     Plaintiff worked for PMET from approximately January 2017 until approximately August 2020 as a Lead Inspector.

13.     Plaintiff worked for PMET in Ohio.

14.     Plaintiff's consent to be a party plaintiff is attached as Exhibit A.

15.     Throughout his employment, Plaintiff was paid a flat daily rate for each day worked, regardless of the total hours worked in a workweek ("day rate").

16.     Plaintiff's day rate amount was $510.

17.     PMET did not pay Plaintiff a salary.

18.     PMET did not pay Plaintiff hourly.

19.     Plaintiff brings this action on behalf of himself and all other similarly situated workers who were paid through PMET's day rate system.  PMET's pay scheme is a per se violation of the FLSA and related state laws. *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d. 183, 191 (6th Cir. 2017).

20.     The similarly situated individuals or putative class members sought to be certified is defined as follows:

**All inspectors who worked for Pittsburgh Mineral & Environmental Technology, Inc. who were paid a day rate with no overtime in the past three (3) years.** ("Day Rate Inspectors").

21.     Collectively, the FLSA Class Members are referred to as the Day Rate Inspectors.

22.     PMET is a Pennsylvania Close Corporation and can be served with service of process at its corporate office, Pittsburgh Mineral & Environmental Technology, Inc., 700 Fifth Ave, New Brighton, Beaver County, PA 15066.

## COVERAGE UNDER THE FLSA

23.     At all times hereinafter mentioned, PMET was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.     At all times hereinafter mentioned, PMET was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25.     At all relevant times, PMET has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

26.     At all relevant times, PMET has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

27.     In each of the past 3 years, PMET's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

28.     At all relevant times, Plaintiff and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

29.     PMET uniformly applied its policy of paying its Inspectors, including Plaintiff, a day rate with no overtime compensation.

30.     PMET applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

31.     By paying its Inspectors a day rate with no overtime compensation, PMET violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

32.     As a result of this policy, Plaintiff and the Day Rate Inspectors do not receive overtime as required by the FLSA.

33.     PMET's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

34.     PMET is a technology and service company engaged in environmental inspection services for a variety of industries, including the oil and gas industry.[1] PMET employs personnel (like Plaintiff) to perform inspection work.

35.     Many of these individuals worked for PMET on a day rate basis (without overtime pay).

36.     These workers make up the proposed collective of Day Rate Inspectors.

37.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices (day rate) for similar work (inspection).

38.     Plaintiff and the Day Rate Inspectors work for PMET under its day rate pay scheme.

39.     Plaintiff and the Day Rate Inspectors do not receive a salary.

40.     If Plaintiff and the Day Rate Inspectors did not work, they did not get paid.

41.     Plaintiff and the Day Rate Inspectors receive a day rate.

42.     Plaintiff and the Day Rate Inspectors do not receive overtime pay.

---

[1]     https://pmet-inc.com/oil_gas.html

43. This is despite the fact Plaintiff and the Day Rate Inspectors often work 12 or more hours a day, for 6 to 7 days a week, for weeks at a time.

44. For example, Plaintiff received a day rate for each day he worked for PMET.

45. Although they typically worked 6 to 7 days a week, for 12 or more hours a day, they did not receive any overtime pay.

46. Plaintiff and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

47. Plaintiff and the Day Rate Inspectors are not employed on a salary basis.

48. Plaintiff and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from PMET irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

49. All of PMET's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

50. Plaintiff's working relationship with PMET is similar to PMET's relationship with its other Day Rate Inspectors.

51. PMET knew Plaintiff and the Day Rate Inspectors worked more than 40 hours in a week.

52. PMET knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA.

53. Nonetheless, PMET failed to pay Plaintiff and the Day Rate Inspectors overtime.

54. PMET willfully violated the FLSA.

## CAUSES OF ACTION

### I.    FLSA VIOLATIONS

55.    By failing to pay Plaintiff and those similarly situated to him overtime at one-and-one-half times their regular rates, PMET violated the FLSA's overtime provisions.

56.    PMET owes Plaintiff and those similarly situated Day Rate Inspectors the difference between the rate actually paid (day rate) and the proper overtime rate for all overtime hours worked.

57.    Because PMET knew, or showed reckless disregard for whether, its pay practices violated the FLSA, PMET owes these wages for at least the past three years.

58.    PMET did not comply with the FLSA in good faith.

59.    PMET did not have a subjective believe that it was complying with the FLSA.

60.    PMET did not have objective reasons to believe it was complying with the FLSA in good faith.

61.    PMET never investigated its pay practice.

62.    PMET was aware of other FLSA lawsuits involving a day rate.

63.    PMET made not changes to its pay practice over the past 5 years.

64.    PMET is liable to Plaintiff and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

65.    Plaintiff and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COLLECTIVE ACTION ALLEGATIONS**
**SUPPORTING THE FLSA VIOLATION CAUSE OF ACTION**

66.    Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices PMET imposed on Plaintiff were likewise imposed on the Day Rate Inspectors.

67.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

68.     Numerous other individuals who worked with Plaintiff indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

69.     Based on his experiences and tenure with PMET, Plaintiff is aware that PMET's illegal practices were imposed on the Day Rate Inspectors.

70.     The Day Rate Inspectors were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

71.     PMET's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

72.     Plaintiff's experiences are therefore typical of the experiences of the Day Rate Inspectors.

73.     The specific job titles or precise job locations of the Day Rate Inspectors do not prevent collective treatment.

74.     Plaintiff has no interests contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Plaintiff has an interest in obtaining the unpaid overtime wages owed to him under federal law.

75.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

76.     Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries and PMET will reap the unjust benefits of violating the FLSA.

77.     Furthermore, even if some of the Day Rate Inspectors could afford individual litigation against PMET, it would be unduly burdensome to the judicial system.

78.     The questions of law and fact common to the Day Rate Inspectors predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.     Whether the Day Rate Inspectors' rights were violated as a result of PMET's day rate pay plan;

   b.     Whether PMET's day rate pay plan was made in good faith;

   c.     Whether PMET's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

   d.     Whether PMET's decision to not pay a salary to the Day Rate Inspectors was made in good faith;

   e.     Whether PMET's violation of the FLSA was willful; and

   f.     Whether PMET's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors.

79.     Plaintiff and the Day Rate Inspectors sustained damages arising out of PMET's illegal and uniform employment policy.

80.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

81.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

### JURY DEMAND

82.     Plaintiff demands a trial by jury.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against PMET as follows:

a.   An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   For an Order pursuant to Section 16(b) of the FLSA finding PMET liable for unpaid back wages due to Plaintiff and the Day Rate Inspectors for liquidated damages equal in amount to their unpaid compensation;

c.   For an Order awarding Plaintiff and the Day Rate Inspectors their costs of this action;

d.   For an Order awarding Plaintiff and the Day Rate Inspectors their reasonable attorneys' fees and expenses as provided by the FLSA;

e.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/  Andrew W. Dunlap*

**Michael A. Josephson**
PA Bar 308410
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 241078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Joshua P. Geist**
PA ID No. 85745
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**